UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                       Case Nos.:   3:99cr18/RV/EMT
                                                      3:20cv5717/RV/EMT

KENNETH BERNARD NICKSON,
Fed. Reg. No. 04493-017
                                        /

## REPORT AND RECOMMENDATION

This matter is before the court on Defendant's Letter to the Court (ECF No. 278). Defendant indicates he wishes to challenge his sentence under 28 U.S.C. §§ 2255 and 2241, pursuant to *United States v. Davis*, 139 S. Ct. 2319 (2019) and other cases, and explains he was unable to obtain the necessary forms with which to do so because of the COVID-19 pandemic. To preserve Defendant's rights pending further review, the clerk was directed to docket the letter as a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody."[1]

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is

---

[1] A petition pursuant to 28 U.S.C. § 2241 is typically filed in the district of confinement, and Defendant is confined in White Deer, Pennsylvania.

not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  A review of the record reveals that Defendant previously filed a motion pursuant to 28 U.S.C. § 2255, which was denied; that the instant motion is a second, successive motion; and that Defendant did not obtain authorization from the Eleventh Circuit to file a successive motion.  Therefore, this court does not have jurisdiction to entertain Defendant's motion, and it should be summarily dismissed.[2]

## BACKGROUND and ANALYSIS

Defendant Kenneth Nickson was sentenced to a total term of 230-months imprisonment after his guilty plea and conviction of bank robbery and firearms offenses in this case (ECF No. 68).  The court ordered the sentence to run partially concurrently with a term of imprisonment imposed in Case 3:97cr99/RV for drug offenses.  Nickson did not appeal.  In March of 2001 he filed a § 2255 motion, which was denied on the merits and as untimely (ECF Nos. 116, 117, 122).  In his instant, second § 2255 motion, Nickson now seeks relief pursuant to the Supreme Court's 2019 decision in *United States v. Davis*.

---

[2] As Defendant evidently recognizes, his motion/letter is not on the form required for use in this district.  *See* N.D. Fla. Loc. R. 5.7(A).  If summary dismissal were not warranted in this case, the court would provide the proper form to Defendant and require him to file an amended motion on the court form before his case could proceed.

Before a prisoner may file a second or successive § 2255 motion, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Without such authorization, a district court lacks jurisdiction to consider a second or successive § 2255 motion. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005). A numerically second § 2255 motion, however, may or may not be "second or successive" under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Stewart v. United States*, 646 F.3d 856, 859–60 (11th Cir. 2011); *see also Slack v. McDaniel*, 529 U.S. 473, 486, 542 (2000) (explaining that the phrase "second or successive," as used in the AEDPA, is a term of art).

A second petition is considered "successive" if the first motion was adjudicated on the merits. *Mitchell v. United States*, 652 F. App'x 781, 784 (11th Cir. 2016) ("the district court correctly determined that Mitchell's first § 2255 motion was adjudicated on the merits, and as such, the current § 2255 motion is a "second or successive" motion within the meaning of the ADEPA). The same is true if the first motion was denied or dismissed with prejudice, and a dismissal for untimeliness is with prejudice. *Candelario v. Warden*, 592 F. App'x 784, 785 n.1 (11th Cir. 2014) (*citing Guenther v. Holt*, 173 F.3d 1328, 1329 (11th Cir. 1999) (discussing § 2254); *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir.

2007) (same)); *Accord Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003) ("[W]e hold that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes."); *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009) (per curiam) (holding when first § 2254 petition was dismissed as time-barred, later petition is successive); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) ("We hold that the dismissal of a habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b).")

Nickson's second motion falls within the subset of cases requiring prior authorization, because he is challenging the same judgment he challenged in his initial motion, and the initial motion was denied based both upon an adjudication of the merits *and* a finding that it was time-barred (*see* ECF Nos. 117, 122). This authorization is required even when a defendant asserts that his motion is based on the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h)(2). Nickson has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion, and therefore, the instant motion to vacate must be dismissed without prejudice.

Case Nos.: 3:99cr18/RV/EMT; 3:20cv5717/RV/EMT

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. The "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 278) be summarily **DENIED and DISMISSED without prejudice**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 12th day of August 2020.

         /s/ Elizabeth M. Timothy
         **ELIZABETH M. TIMOTHY**
         **CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:99cr18/RV/EMT; 3:20cv5717/RV/EMT