UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v. Case Nos.: 3:99cr18/RV/EMT
3:21cv723/RV/EMT

KENNETH BERNARD NICKSON,
a/k/a KENNY NICKSON,
Fed. Reg. No. 04493-017
_______________________________/

**REPORT AND RECOMMENDATION**

This matter is before the court on Defendant's counseled "Successive Petition/Motion for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence and Separate Memorandum of Law" (ECF No. 294).[1] The Government responded in opposition to the motion (ECF No. 296), and Defendant filed a reply (ECF No. 300). The case was referred to the undersigned magistrate judge for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). After a review of the record and

[1] Pursuant to 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence."

the arguments presented, the undersigned recommends that Defendant's motion be denied and dismissed.

**BACKGROUND**

In March 1999, Defendant Kenneth B. Nickson was charged in a five-count indictment with the following offenses:

> 1. Attempted bank robbery by force and intimidation in violation of 18 U.S.C. § 2113(a) (Count One);
>
> 2. Using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Count Two);
>
> 3–4. Possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(e) (Counts Three and Four); and
>
> 5. Possession of an unregistered firearm in violation of 26 U.S.C. §§ 5861 and 5871 and 18 U.S.C. § 2 (Count Five).

(ECF No. 1). The attempted bank robbery charged in Count One served as the predicate for the offense charged in Count Two.

According to the Presentence Investigation Report (PSR), the charges against Nickson arose after a bank employee—the first to arrive at work that day—observed two males wearing dark clothing, hoods, and masks hiding in bushes near the bank's front entrance (ECF No. 301, PSR ¶ 6). Both men were armed, one with a shotgun (*id.*). The employee fled and, as she ran away, one of the men threatened to shoot her (*id.*). Another witness observed both men running from the bank through his

yard, where one of the men pointed a shotgun at the witness (PSR ¶ 7). Both men ran to an abandoned house where they changed clothes; they then ran into a nearby laundromat (*id.*).

Law enforcement tracked Nickson and his co-defendant, Michael Pugh, to the laundromat using a K-9 (PSR ¶¶ 8–9). After searching near the bank, house, and laundromat, law enforcement recovered items relating to the offenses, including a tote bag containing ten plastic "duct straps," gloves, homemade masks, a walkie-talkie, and two loaded firearms (a .32 caliber revolver and a 12-gauge pump shotgun with a sawed-off barrel) (PSR ¶¶ 7–9, 12). DNA testing of the masks revealed they contained DNA consistent with that of Nickson and Pugh (PSR ¶ 13).

Nickson pled guilty to Counts One, Two, and Five of the indictment. On July 28, 1999, the district court sentenced Nickson to a total term of 230-months imprisonment (ECF No. 68). The sentence included concurrent terms of 110-months imprisonment on Counts One and Five and a mandatory consecutive term of 120-months imprisonment on Count Two (*id*. at 3). Nickson did not appeal, and the record does not include transcripts of the plea or sentencing proceedings.

In March 2001, Nickson filed a § 2255 motion, which the court denied as untimely and without merit (ECF Nos. 116, 117, 122). About nineteen years later, in July 2020, Nickson sent a letter to the court requesting that his conviction and

sentence on Count Two be overturned based on the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019) (ECF No. 278).[2] In *Davis*, the Supreme Court extended its holdings in *Johnson v. United States*, 576 U.S. 591 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), to 18 U.S.C. § 924(c)—the statute under which Nickson was convicted on Count Two, which provides enhanced penalties for using a firearm during a "crime of violence"—and held that § 924(c)(3)(B)'s residual clause, like the residual clauses in § 924(e), the Armed Career Criminal Act (ACCA), and 18 U.S.C. § 16(b), is unconstitutionally vague.[3] *Davis*, 139 S. Ct. at 2325–26, 2336. The Court emphasized there was "no material difference" between the language or scope of the residual clause in § 924(c)(3)(B) and the residual clauses struck down in *Johnson* and *Dimaya* and thus concluded § 924(c)(3)(B) was unconstitutional for the same reasons. *Id*. at 2326, 2336.

---

[2] The court construed Nickson's letter as a motion under section 2255 (*see* ECF No. 278).

[3] Under 18 U.S.C. § 924(c), "it is a violation to brandish a firearm during and in relation to a crime of violence." 18 U.S.C. § 924(c)(1)(A)(ii). "The statute defines 'crime of violence' in two subparts—the first is known as the elements clause [the offense 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another'], and the second is known as the residual clause [the offense, 'by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense']." *Davis*, 139 S. Ct. at 2324 (citing 18 U.S.C. § 924(c)(3)(A), (B)). Although the Court invalidated § 924(c)(3)(B)'s residual clause for being unconstitutionally vague, it left intact § 924(c)(3)(A)'s elements clause. *Davis*, 139 S. Ct. at 2335–36; *Brown v. United States*, 942 F.3d 1069, 1075 (11th Cir. 2019).

Nickson's section 2255 motion was denied and dismissed without prejudice as an unauthorized, successive motion (ECF Nos. 279, 282, 283).[4]

Nickson then sought leave from the Eleventh Circuit to file a second or successive motion pursuant to 28 U.S.C. § 2255(h)(2), citing *Davis* as "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" (*see* ECF No. 287). Nickson claimed his conviction on Count Two was invalid because the companion crime of which he was convicted, attempted bank robbery, qualified as a crime of violence supporting the § 924(c) conviction only under the now-invalid residual clause (*id.*). In considering Nickson's application, the Eleventh Circuit noted there was "no binding precedent from the Supreme Court or [the Eleventh Circuit] that attempted bank robbery categorically qualifies as a crime of violence under the elements clause of § 924(c)(3)(A)" (*id.* at 4). The court thus concluded Nickson had made a prima facie showing that his conviction "*may be* unconstitutional under *Davis* as he

[4] "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain" either "newly discovered evidence . . ." or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). An application to file a second or successive motion does not satisfy the requirements of § 2255(h)(2) if "the companion crime for which an applicant was convicted qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause, [because] that applicant cannot show that there is a 'reasonable likelihood' he will benefit from the rule announced in *Davis.*" *In re Pollard*, 931 F.3d 1318, 1321 (11th Cir. 2019).

*potentially* was convicted under the now-invalid residual clause of § 924(c)(3)(B)" (*id.*) (emphases added).

The district court appointed counsel to represent Nickson, and counsel filed the instant motion on April 30, 2021 (ECF No. 294). Nickson claims his conviction and sentence on Count Two should be vacated because the underlying predicate offense— attempted bank robbery by force and intimidation—does not categorically qualify as a crime of violence under § 924(c)(3)(A)'s elements clause because it does not require the use or threatened use of physical force (ECF No. 294-1 at 5). Nickson also argues that because the indictment does not specify the clause under which he was charged, the court should presume he was convicted and sentenced under the residual clause rather than the elements clause (*id.* at 6). The Government opposes Nickson's motion, contending his challenge is procedurally barred and without merit because Nickson has not met his burden of showing it was more likely than not that the court relied on the residual clause to sustain his conviction on Count Two (ECF No. 296).

## DISCUSSION

A litigant must follow a three-step process to obtain relief based on a second or successive § 2255 motion in the Eleventh Circuit. *See Perez v. United States*, 730 F. App'x 804, 809 (11th Cir. 2018). First, the Eleventh Circuit must make a

prima facie determination that § 2255(h)'s requirements are met, as it did in this case (ECF No. 287). This is only a threshold determination (*id.* at 2 (citing *Jordan v. Sec'y, Dep't of Corr.,* 485 F. 3d 1351, 1357–58 (11th Cir. 2007)). Next, the district court must independently determine, based on a more developed record, that the movant has satisfied the requirements for filing a second or successive motion in accordance with § 2255(h). *See, e.g., In re Cannon*, 931 F.3d 1236, 1244 (11th Cir. 2019); *Randolph v. United States*, 904 F.3d 962, 965 (11th Cir. 2018). As part of this inquiry, the court must determine whether there is a jurisdictional or procedural bar to the motion. *In re Hammoud*, 931 F.3d 1032, 1039–40 (11th Cir. 2019) (citing *In re Baptiste*, 828 F.3d 1337 (11th Cir. 2016) (holding that a jurisdictional bar exists for claims that were raised and rejected in a prior successive application)). Thereafter, the district court may reach the third step and evaluate the merits of the motion. *In re Moss*, 703 F.3d 1301, 1303 (11th Cir. 2013); *cf. Dallas v. Warden*, 964 F.3d 1285, 1307 (11th Cir. 2020) ("As we have said many times and as the Supreme Court has held, a federal court may skip over the procedural default analysis if a claim would fail on the merits in any event."). Because the undersigned finds Nickson's claim fails on the merits, the undersigned need not address the Government's position that the claim is procedurally barred.

The court thus turns to the merits of Nickson's claim. As discussed above, § 924(c) provides additional, consecutive penalties for individuals who use or carry a firearm during, or possess a firearm in furtherance of, any crime of violence or drug trafficking crime. 18 U.S.C. § 924(c)(1)(A). Nickson was convicted on Count One of attempting, "by force and intimidation, . . . to take from the person and presence of employees of the Nations Bank . . . United States currency" belonging to the bank, for which the district judge sentenced him to a term of 110-months imprisonment (ECF No. 1 at 1). Nickson was convicted on Count Two of using and carrying a firearm during and in relation to a crime of violence, for which the district judge sentenced him to a mandatory consecutive term of 120-months imprisonment. As set forth above, the conviction on Count Two was predicated on the attempted bank robbery, as charged in Count One.

To qualify as a crime of violence under § 924(c), the attempted bank robbery conviction must satisfy either § 924(c)'s elements clause—by having "as an element the use, attempted use, or threatened use of physical force against the person or property of another;" or residual clause—involving, "by its nature, . . . a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (18 U.S.C. § 924(c)(3)(A) or (B)). Nickson challenges his conviction and sentence imposed on Count Two, arguing attempted

bank robbery does not constitute a crime of violence under the elements clause and that the district judge thus relied solely on the now-invalid residual clause in imposing sentence.

To prevail on a residual clause challenge in this circuit, a defendant must show it is more likely than not that the residual clause—and only the residual clause—was the basis for the conviction or sentence imposed. *Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017); *see also Hammoud*, 931 F.3d at 1041 (to prove a *Davis* claim, the defendant must show "that his § 924(c) conviction resulted from application of solely the residual clause"); *Weston v. United States*, 853 F. App'x 375, 378 (11th Cir. 2021) (to prevail, defendants "must show a 'substantial likelihood' that the court *did* rely only on [the residual clause]"). Significantly, the moving party does not meet his burden by showing it is merely "possible" the court relied on the residual clause. *Beeman*, 871 F.3d at 1222; *see also In re Pollard*, 931 F.3d at 1320 (denying defendant's application to file a second or successive § 2255 motion based on *Davis* because his bank robbery conviction "qualifies as a 'crime of violence' under § 924(c)(3)(A)'s use of force clause"). In the face of a silent record, this can be a difficult—or even insurmountable—burden, but it remains the defendant's burden nonetheless. *Beeman*, 871 F.3d at 1223–24.

"A § 2255 movant can meet his *Beeman* burden in one of two ways." *Pitts v. United States*, 4 F. 4th 1109, 1115 (11th Cir. 2021). "The first is by pointing to evidence in the record showing that the district court relied only on the residual clause in sentencing him." *Id.* Such "evidence may include comments made by the parties, by the sentencing judge, or in the PSR." *Id.* Nickson cannot meet his burden in this way. *Id.* As Nickson acknowledges, there is no sentencing transcript, and the available documents—the Plea Agreement, Statement of Facts, and PSR—are silent on this issue (ECF No. 294-1 at 20).[5]

"There is one other way a § 2255 movant can meet his *Beeman* burden: He can show that when he was sentenced, binding precedent clearly established that the predicate offense was a violent felony only under the . . . residual clause." *Pitts*, 4 F. 4th at 1115 (citing *Beeman*, 871 F.3d at 1224 n.5 ("'[i]f the law was clear at the time of sentencing that only the residual clause would authorize a finding that the prior conviction was a violent felony, that circumstance would strongly point to a

[5] Transcripts were not prepared because there was no appeal. Nickson's suggestion in his reply that the lack of appeal was due to ineffective assistance of counsel is an untimely claim that need not be addressed herein (ECF No. 300 at 4–5). In any event, even fully transcribed records may be silent on the issue of whether a judge relied on the elements clause, residual clause, or both in imposing sentence for a § 924(c) conviction. *See, e.g., In re Chance*, 831 F.3d 1335, 1340–41 (11th Cir. 2016) (noting difficulty of establishing what a judge said or thought at a decades-old sentencing with respect to the elements or residual clause because nothing in the law requires a judge to specify which clause the court relied on in imposing sentence).

sentencing per the residual clause'"), and *Williams v. United States*, 985 F.3d 813, 820 (11th Cir. 2021) ("'[a]bsent authority that would have compelled a particular result [at the time of sentencing, the defendant] cannot meet his burden of proof through case law alone'")); *see also, e.g., Weeks v. United* States, 930 F.3d 1263, 1276–80 (11th Cir. 2019) (relying on caselaw from the time of direct appeal to conclude the appellate panel could only have relied on the residual clause in affirming defendant's sentence).

Nickson cites no binding precedent at the time of his sentencing that would have compelled the district judge to rely solely on the residual clause in imposing sentence on Count Two. Instead, Nickson states his "belie[f]" that "historically, in 1999, the court could have done nothing else but hold the offenses crimes of violence based only on the residual cause" (ECF No. 294-1 at 21; *see also* ECF No. 300 at 13). In support of his position in that regard, Nickson argues that at the time he was convicted and sentenced, "the modified categorical approach was an as yet unformed idea, and no one had labeled a statute 'divisible' or 'indivisible'" (ECF No. 294-1 at 21). As a result, Nickson asserts, "[a]ny attempt to apply the elements clause would have required an analysis of complex and emerging concepts" (*id.*). According to Nickson, the fact that the record contains no indication as to the clause

under which the district judge sentenced him "supports [his] view that the elements clause was not considered by the sentencing court" (*id.*).

Nickson's position is unavailing. Clearly, Nickson's "belie[f]" regarding the basis of the district judge's sentencing decision is insufficient to meet his burden under *Beeman*.[6] Moreover, had there been a transcript of the sentencing hearing, then perhaps the lack of any "analysis of complex and emerging concepts" might be relevant; but since there is no transcript, the lack of any such analysis is of no consequence. And as set forth above, law enforcement recovered two weapons, suggesting each defendant intended to carry a weapon during the robbery. "Therefore there was no need to rely, either in whole or in part, on the now-

---

[6] In fact, the district judge who presided over this case recently concluded in a similar § 2255 action (involving a 1998 sentencing hearing) that, in imposing sentence for a conviction of attempted bank robbery, he relied solely on the elements clause to find that the conviction qualified as a crime of violence supporting a § 924(c) conviction. *See United States v. Joseph Cooper*, Case Nos. 3:97cr68/RV/EMT, 3:17cv178/RV/EMT, ECF No. 282 at 10 (N.D. Fla. Jan. 21, 2020) ("I relied exclusively on the elements clause of § 924(c)(3) to find that the underlying offense of attempted bank robbery was a crime of violence"), *aff'd*, *Cooper v. United States*, No. 20-11093, 2021 WL 2913068 (11th Cir. July 12, 2021). Another district judge in this district has also determined that attempted bank robbery constitutes a crime of violence under the elements clause. *See, e.g., United States v. Barry Cooper*, Case Nos. 4:99cr37/RH/CAS; 4:16cv458/RH/CAS, 2019 WL 3948098, at *2 (N.D. Fla. Aug. 20, 2019) (finding attempted bank robbery a crime of violence under the elements clause as well as the residual clause).

unconstitutional residual clause." *Joseph Cooper*, Case No. 3:97cr68/RV/EMT, ECF No. 282 at 10.[7]

## CONCLUSION

Here, as in *Pitts*, "[a]t best for [Nickson], it is unclear from the record whether the sentencing court relied on the residual clause or the elements clause . . . or [both] of them, when it found that his . . . conviction for [attempted bank] robbery . . . was a violent felony . . . ." *Pitts*, 4 F. 4th at 1118. "And, when it is unclear what role, if any, the residual clause played, the movant loses . . . 'because [i]f the evidence is silent or in equipoise, then the party with the burden fails.'" *Id.* (quoting *Williams*,

[7] As a final matter, the court notes that Nickson appears to argue that his § 924(c) conviction is unlawful because bank robbery, "the foundation for attempted bank robbery," does not qualify as a crime of violence under the elements, or "force," clause because it does not require the use or threatened use of physical force (*see* ECF No. 294-1 at 10–13). This claim is distinct from one based solely on invalidation of the residual clause. *See Beeman*, 871 F.3d at 1220 (distinguishing a *Johnson*-based challenge to an ACCA predicate, which focuses on the residual clause, from a claim that petitioner was erroneously sentenced under the elements clause). A petitioner typically cannot use a timely residual clause challenge based on new precedent as a portal to reopen the question of whether a predicate offense qualifies under the elements clause. *In re Hires*, 825 F.3d 1297, 1303 (11th Cir. 2016). Furthermore, to the extent Nickson bases his position on actual or perceived disagreement among federal appellate courts as to the meaning of physical force and whether something is a crime of violence, it is not the province of this court to reconcile the "conflict of precedent" (ECF No. 294-1 at 14). This court may not disregard Eleventh Circuit case law and look to decisions of other jurisdictions, regardless of whether they are more favorable to Nickson. This court is bound by Eleventh Circuit precedent "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by [the Eleventh Circuit] sitting en banc." *See United States v. Deshazior*, 882 F.3d 1352, 1355 (11th Cir. 2018). Even if a decision is perceived as flawed, that fact does not give either a later panel of the Eleventh Circuit or this court the authority to disregard it. *Id.* (citations omitted).

985 F.3d at 821). The undersigned thus finds Nickson has failed to meet his burden of showing the district court relied solely on the residual clause in using his attempted bank robbery conviction as a predicate for his conviction on Count Two. Therefore, the Supreme Court's ruling in *Davis* is inapplicable and Nickson's § 2255 motion should be denied and dismissed. *See* 28 U.S.C. § 2255(h)(2); § 2244(b)(4).

**CERTIFICATE OF APPEALABILITY**

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party

may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. That Nickson's "Successive Petition/Motion for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence and Separate Memorandum of Law" (ECF No. 294) be **DENIED.**

2. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 25th day of August 2021.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**